Jeffrey Roy CROSBY, Petitioner-
Appellant,

v.

David SHINN, Warden, Respondent-
Appellee.

No. 16-55951

United States Court of Appeals,
Ninth Circuit.

Submitted August 9, 2017 *

Filed August 14, 2017

Jeffrey Roy Crosby, Pro Se

Gwendolyn Millicent Gamble, Assistant
U.S. Attorney, USLA—Office of the U.S.
Attorney, Los Angeles, CA, Diana L. Pau-
li, Assistant U.S. Attorney, DOJ—Office of
the U.S. Attorney, Los Angeles, CA, for
Respondent-Appellee

Before: SCHROEDER, TASHIMA, and
M. SMITH, Circuit Judges.

### MEMORANDUM **

Federal prisoner Jeffrey Roy Crosby
appeals pro se from the district court's
judgment dismissing without prejudice his
28 U.S.C. § 2241 habeas petition. We have
jurisdiction under 28 U.S.C. § 1291, and
we vacate and remand.

Crosby challenges a prison disciplinary
proceeding in which he was sanctioned
with the disallowance of good conduct time
after he was found to have committed the
prohibited acts of fighting with another
person and possessing a weapon. Crosby

maintains that his procedural due process
rights were violated during the proceed-
ings and that the evidence supported his
statement that he was attacked by another
prisoner and only sought to defend him-
self. The record shows that the disciplinary
proceedings complied with the procedural
due process requirements delineated in
*Wolff v. McDonnell,* 418 U.S. 539, 563-72,
94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and
that "some evidence" supported the Disci-
plinary Hearing Officer's ("DHO") deci-
sion, *see Superintendent v. Hill,* 472 U.S.
445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356
(1985). Assuming that Crosby is correct
that prisoners have a due process right to
present a self-defense claim in prison disci-
plinary proceedings, the record shows that
Crosby was permitted to raise a self-de-
fense claim before the DHO. The DHO
considered the claim and rejected it as
unsupported. That finding was also sup-
ported by "some evidence." *See id.*

The district court had subject matter
jurisdiction over Crosby's section 2241 pe-
tition; therefore, the dismissal should have
been on the merits and with prejudice. *See
Bostic v. Carlson,* 884 F.2d 1267, 1269 (9th
Cir. 1989) (section 2241 jurisdiction exists
when a federal prisoner "claims that he
has been denied good time credits without
due process"), *overruled on other grounds
by Nettles v. Grounds,* 830 F.3d 922, 931
(9th Cir. 2016) (en banc). We, therefore,
vacate the judgment and remand with in-
structions to dismiss the petition with prej-
udice.

**VACATED and REMANDED with in-
structions.**

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.